## Keith v. Northwestern National Life Insurance Co.

*David A. Ody,* for plaintiff.
*Darryl R. Slimak,* for defendant.

TAYLOR, *P.J.,* January 3, 1991 — This action was initiated through the filing of a complaint on March 24, 1986, seeking recovery of certain medical benefits allegedly due under a policy of insurance issued by defendant. The complaint alleges breach of contract arising from the failure to pay said benefits. Specifically, plaintiff seeks payment of certain medical expenses as "eligible medical expenses" under the insurance policy. Defendant denies responsibility for payment, contending that they are not "allowable expenses"* as defined by the policy.

While employed as a nurse at the Cleveland Clinic Foundation in Cleveland, Ohio, plaintiff was insured under an employee welfare benefit plan. Defendant provided group life and aggregate excess risk coverage to the plan. As part of said coverage, defendant offered a health conversion option. Plaintiff exercised this option when she terminated her employment and converted her insurance coverage from the group plan to an individual conversion insurance agreement.

Based upon these undisputed facts, defendant filed a motion for judgment on the pleadings and/or summary judgment. Defendant submits that plaintiff's insurance policy is a conversion insurance agreement of an employee welfare benefit plan, and

* The policy defines "allowable expenses" as "any necessary, reasonable and customary item of expense for medical or dental care or treatment. . ."

as such, is subject to federal law governing the Employee Retirement Income Security Act.

Defendant further contends that federal law preempts all state law claims seeking recovery of benefits under conversion insurance agreements of employee welfare benefit plans. Finally, defendant argues that federal law pertaining to such claims for benefits does not recognize a state law claim for breach of contract.

## DISCUSSION

At the outset, we note that this opinion is limited solely to the consideration of defendant's motion for summary judgment and/or judgment on the pleadings.

Having thoroughly evaluated the respective positions of the parties, we believe that the seminal question herein is whether a dispute with respect to coverage under the converted group policy is covered by the ERISA pre-emption doctrine and, therefore, subject to federal law or whether the converted group policy is simply an individualized contract between plaintiff and defendant, and, therefore, subject to interpretation under state law.

Case law is, at best, sparse on the issue of ERISA and its application to group plan conversion privileges. In fact, the only case which even remotely applies to the instant matter is one which defendant has brought to the attention of the court. *Howard v. Gleason Corporation*, 901 F.2d 1154 (2d Cir. 1990). Our reading of *Howard* is that the case merely declared that the ERISA pre-emption doctrine shall govern a dispute arising from an employer's affirmative duty to inform an employee of his right to convert a group policy to an individualized policy. To link *Howard* to the instant matter would, in our view, be imprudent.

Turning to the ERISA statute itself, it is clear that the right to convert a group policy is provided for in the act. 29 U.S.C. §1162(5). Further, it is evident that conversion coverage provided beyond the date of employment is not subject to a requirement of the person's submission of new evidence of insurability. 29 U.S.C. §1162(4). Perhaps the closest statutory connection to the instant matter is the requirement that coverages under converted policies must remain identical to the coverages of continuing employees and/or equal to the coverages of similarly situated former employees.

The statutory provisions of ERISA which deal with continuation coverage under group health plans are, in many respects, highly detailed and specific with respect to events triggering one's right to continue coverage, the duration of such coverage, premium payments for such coverage and evidence of insurability. Such specificity in these areas leads us to believe that in failing to address disputes arising after policies are converted, the lawmakers have, by their silence, intended that the instant matter not be subject to federal pre-emption.

A point worthy of note is the fact that if plaintiff would have ceased making premium payments for the coverage, the coverage would have terminated. Does this not mean that the converted policy is, first and foremost, an individual contract between plaintiff and defendant? Although ERISA governs the type of coverage that must be provided in the converted policy, *plaintiff still paid the premiums.*

Under ERISA, it is clear beyond doubt that if a state law relates to an employee benefit plan, it is pre-empted. 29 U.S.C. 514(a). However, this broad pre-emption provision is not without qualification and, pertinent to this case, excepts from pre-emption laws that regulate insurance. 29 U.S.C.

§1144(b)(2)(A). Plaintiff alleges that her converted policy with defendant is unconscionable. Plaintiff cites *Bishop v. Washington,* 331 Pa. Super. 387, 480 A.2d 1088 (1984), in support of the provision that the unconscionability provision of the Uniform Commercial Code, 13 Pa.C.S. §2302, is a state law that "regulates insurance" companies and, therefore, falls within the purview of the saving clause of ERISA. An examination of this specific issue is not warranted, for we believe that the instant contract is appropriately classified as an individual contract, as opposed to a benefit arising from an employee benefit plan.

Insofar as ERISA and its attendant case law does not directly address the matter at hand, coupled with the individualized nature of the contract between the parties, we must find that ERISA does not pre-empt in this instance and, therefore, the motion for judgment on the pleadings and motion for summary judgment should be dismissed.

### ORDER

Now, January 3, 1991, after consideration of the pleadings and briefs filed by counsel and the authorities set forth therein, and after oral argument held on October 5, 1990, the court denies the motion of defendant for summary judgment and/or judgment on the pleadings for reasons set forth in the attached opinion filed this date.